FILED

02/07/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 17, 2017 Session

## MARGARET CRUCE v. MEMMEX INC. D/B/A SALSA COCINA MEXICANA RESTAURANT

Appeal from the Circuit Court for Shelby County
No. CT-004872-13  James F. Russell, Judge

_____

### No. W2016-01167-COA-R3-CV

_____

In this premises liability case, the plaintiff appeals the trial court's grant of summary judgment to the defendant property owner. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J. W.S., delivered the opinion of the court, in which John W. McClarty and Arnold B. Goldin, JJ., joined.

David A. McLaughlin, Memphis, Tennessee, for the appellant, Margaret Cruce.

Forrest R. Jenkins, Memphis, Tennessee, for the appellees, Memmex, Inc. d/b/a Salsa Cocina Mexicana Restaurant.

## OPINION

### BACKGROUND

Because this case was decided on summary judgment, the facts are largely undisputed and are taken from the statement of undisputed facts contained in the record. On December 7, 2012, Plaintiff/Appellant Margaret Cruce attended a party on the second floor of the restaurant owned by Defendant/Appellee Memmex, Inc. d/b/a Salsa Cocina, Mexicana Restaurant ("Appellee Restaurant"). As Ms. Cruce, who was in her early seventies at the time of the incident at issue in this case, ascended the stairs to the party, she noticed that the railing on her right side was decorated with garland and Christmas lights. On her ascent, Ms. Cruce had trouble finding a place to put her hand on the rail due to the decorations. Although Ms. Cruce later testified that she did not notice whether a railing was on the other side of the stairs, it is undisputed that the stairs to the second

floor party room were flanked on both sides by railing and that the other railing had no decorations on it.

The party ended several hours later. Ms. Cruce again used the staircase to descend from the party room. When Ms. Cruce reached for the handrail, this time to her left, to steady herself, Ms. Cruce was unable to grasp the railing itself and instead only gripped a "handful of garland." Because she was only grasping garland, Ms. Cruce let go of the garland as she started to fall. Ms. Cruce fell to the floor, suffering a femoral shaft fracture on her left leg. The fracture required a cast from her ankle to the top of her leg and ultimately necessitated surgery.

Ms. Cruce filed a complaint for damages against Appellee Restaurant on November 11, 2013. Therein, Ms. Cruce alleged that Appellee Restaurant created a dangerous condition by "covering a safety device, i.e., handrail, with items that impeded its use" and that Ms. Cruce suffered damages as a result. Accordingly, Ms. Cruce sought compensatory damages in the amount of $250,000.00, as well as special damages and post-judgment interest. The ad damnum clause was later amended by permission from the trial court to seek $500,000.00 in compensatory damages.

Appellee Restaurant filed an answer to the complaint on December 20, 2013, generally admitting the facts surrounding Ms. Cruce's fall but denying that her fall was caused by any dangerous or defective condition on its premises. In addition, Appellee Restaurant raised comparative fault as an affirmative defense.

The parties thereafter engaged in discovery, and the depositions of Ms. Cruce and Cesar N. Parra, the owner of Appellee Restaurant, were taken. Ms. Cruce testified that she noticed the Christmas decorations on her way up to the second floor party room and that, although she had difficulty finding a place to put her hand, she was able to ascend the stairs without incident. Ms. Cruce did not notify Appellee Restaurant staff of her difficulty using the railing on her ascent, and she testified that she had no difficulty in seeing where she was going. Ms. Cruce explained that she did not notice the other unencumbered railing when she descended the stairs and, therefore, did not attempt to use the unencumbered railing at any point during either her ascent or descent. According to Ms. Cruce, she first thought that her fall was caused by a "grip strip," but that, after thinking about her fall, she came to realize that her fall was caused by her inability to properly grasp the handrail.

In Mr. Parra's deposition, he testified that he placed the Christmas decorations on one of the stair rails, as he had done the prior fifteen years. In those fifteen years, Mr. Parra testified that no one had ever fallen down the stairs prior to Ms. Cruce's fall, either as a result of the Christmas decorations or for any other reason.

On February 29, 2016, Appellee Restaurant filed a motion for summary judgment. Therein, Appellee Restaurant argued that summary judgment was appropriate because Ms. Cruce's evidence was insufficient to establish that the handrail and stairs at issue constituted a dangerous or defective condition or that Appellee Restaurant had notice of any dangerous or defective condition. In support, Appellee Restaurant filed a statement of undisputed material facts generally outlining the facts leading up to Ms. Cruce's fall and pointing out the existence of the second handrail that was completely unencumbered by Christmas decorations, Ms. Cruce's notice of the Christmas decorations on her ascent to the party room, the fact that no similar accident had occurred in the prior fifteen years that the stairway had been decorated, and the fact that no other person was descending the stairs next to Ms. Cruce at the time she fell.

On March 23, 2016, Ms. Cruce filed a response to Appellee Restaurant's summary judgment motion. Therein, Ms. Cruce, citing to her complaint, contended that the handrail constituted a safety device and that Appellee Restaurant's "decision to impede, cover and otherwise hinder [Ms. Cruce's] access to [the] safety device creates a dangerous condition." Ms. Cruce further argued that the question of whether a dangerous condition exists is a question of fact not amenable to summary judgment. On the same day, Ms. Cruce filed a response to Appellee Restaurant's statement of undisputed material facts in which she either admitted or failed to respond to every fact set forth by Appellee Restaurant.

The trial court held a hearing on the pending summary judgment motion on April 8, 2016. During the hearing, counsel for Ms. Cruce conceded that the unencumbered handrail "would not be considered dangerous" and clarified that it was not the handrail itself that caused Ms. Cruce to fall. Rather, counsel asserted that Ms. Cruce's inability to grasp an accessible handrail prevented her from "securing her balance," which ultimately led to her fall. Counsel for Appellee Restaurant also noted that Ms. Cruce failed to cite to any building codes that had been violated by the decorations.

At the conclusion of the hearing, the trial court issued an oral ruling granting summary judgment in favor of Appellee Restaurant. Specifically, the trial court ruled that the decorated handrail did not constitute a dangerous or defective condition for purposes of premises liability. In support, the trial court cited several cases, discussed in detail *infra*, involving similar issues, as well as the fact that there was an unencumbered handrail present for Ms. Cruce's use. According to the trial court, "putting Christmas decorations on the handrail on the opposite side of where one would normally think a person would descend the stairway does not necessarily make for a []'dangerous condition[.]'" The trial court subsequently entered an order granting summary judgment on May 16, 2016, in which the trial court's oral ruling was incorporated by reference. Ms. Cruce thereafter filed a timely appeal.

ISSUES PRESENTED

Ms. Cruce raises one issue in her appellate brief, which we slightly restate: Whether the trial court erred in holding as a matter of law that no rational juror could find that Appellee Restaurant's decorated handrail constituted a dangerous condition for purposes of premises liability.[1]

## STANDARD OF REVIEW

This case was decided on a motion for summary judgment. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. In cases where the moving party does not bear the burden of proof at trial, the movant may obtain summary judgment if it:

> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (applying to cases filed after July 1, 2011); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452, 195 L. Ed. 2d 265 (2016) (judicially adopting a summary judgment parallel to the statutory version contained in section 20-16-101).

On appeal, this Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. *Rye*, 477 S.W.3d at 250 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to evidence that

---

[1] Although not raised as an issue in the statement of the issues section of its appellate brief, Appellee Restaurant argues in its statement of the case that Ms. Cruce's appeal should be dismissed due to her failure to comply with Rule 24(b) of the Tennessee Rules of Appellate Procedure, which requires that an appellant "shall have prepared a transcript or statement of the evidence," if available. Affirmative issues that are not included in the statement of the issues section of the appellate brief are generally waived on appeal. *See Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011). Accordingly, we decline to address this issue.

shows summary judgment is inappropriate. *Rye*, 477 S.W.3d at 264–65. As the Tennessee Supreme Court explained:

> When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Id.*

## DISCUSSION

The claims in this case involve premises liability, a form of negligence. "Business proprietors are not insurers of their patrons' safety." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (quoting *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)). Property owners are, however, required to exercise due care under all the circumstances. *Blair*, 130 S.W.3d at 764. "This general duty of due care imposes upon a property owner the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." *Parker*, 446 S.W.3d at 350 (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)). A property owner's duty, however, does not include "the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which

- 5 -

the occupier neither knew about nor could have discovered with reasonable care." ***Rice v. Sabir***, 979 S.W.2d 305, 308–09 (Tenn. 1998) (citations and internal quotation marks omitted).

As such, "[t]he duty applicable to premises owners only requires them to remove or warn against conditions that are, in fact, dangerous." ***Newcomb v. State***, No. M2014-00804-COA-R3-CV, 2015 WL 3956038, at *3 (Tenn. Ct. App. June 26, 2015) (citing ***Parker v. Holiday Hosp. Franchising, Inc.***, 446 S.W.3d 341, 350 (Tenn. 2014)). "A premises owner is not under a duty to warn of every aspect of a premises that may be unfamiliar." ***Steele v. Primehealth Med. Ctr., P.C.***, No. W2015-00056-COA-R3-CV, 2015 WL 9311846, at *10 (Tenn. Ct. App. Dec. 22, 2015) (citing ***Norfleet v. Pulte Homes Tenn. Ltd. P'ship***, No. M2011-01362-COA-R3-CV, 2011 WL 5446068, at *5 (Tenn. Ct. App. Nov. 9, 2011)). "'To hold otherwise would necessarily cast the premises owner in the role of an absolute insurer of the social guest's safety, which is not contemplated by our negligence law.'" ***Steele***, 2015 WL 9311846, at *10 (quoting ***Norfleet***, 2011 WL 5446068, at *5). Therefore, in order to hold a premises owner liable for an injury, there must be some evidence that a dangerous condition actually existed on the premises. ***Nee v. Big Creek Partners***, 106 S.W.3d 650, 653 (Tenn. Ct. App. 2002).

Here, Appellee Restaurant argues that summary judgment is appropriate because Ms. Cruce has failed to establish, at the summary judgment stage, that the condition of the handrail and/or staircase was dangerous at the time of her accident. In support, Appellee Restaurant cites the case relied on primarily by the trial court in this case: ***Nee v. Big Creek Partners***, 106 S.W.3d 650 (Tenn. Ct. App. 2002). In ***Nee***, the plaintiff fell while descending a hill to leave an elevated teeing area on a golf course. Although stairs were available, the plaintiff chose to ascend directly up the hill at an area closer to the teeing area. After completing his shot, the plaintiff descended down the provided stairs, where he fell and broke his ankle. The case proceeded to a jury trial. Therein, the plaintiff testified that the fall resulted when he lost his balance and the wooden stairs "tore apart." ***Id.*** at 651. The defendant golf course moved for a directed verdict at the close of the plaintiff's proof, arguing that the plaintiff failed to establish that the stairs constituted a dangerous condition. The trial court granted the motion, finding that there was no evidence that the steps constituted a dangerous condition and that the plaintiff's fall could have "several explanations," causing the jury to speculate. ***Id.*** at 653.

Ultimately, the Court of Appeals agreed with the trial court that the evidence failed to establish that the stairs were maintained in a dangerous condition. According to the Court, neither the photographs introduced as evidence nor the plaintiff's testimony established beyond conjecture that "anything was wrong with the stairs." ***Id.*** at 654. According to the Court, the plaintiff's "statements fail to indicate that the wood on the stairs was rotted, deteriorated, or in any other manner dangerous or defective." ***Id.*** As such, the ***Nee*** Court concluded that the plaintiff failed to "point out a condition in the stairs that could have contributed to his fall." ***Id.*** at 655. The Court of Appeals therefore

affirmed the trial court's grant of a directed verdict. *Id.* Appellee argues that *Nee* is highly analogous to this case because, like the plaintiff in *Nee*, Ms. Cruce has failed to present any evidence that it was "wrong" to decorate the handrail with garland and Christmas lights, such as reports of prior injuries caused by the decorations or evidence that the decorated handrail violated applicable building codes.

Another case cited by the trial court and the parties is ***Jones v. H.G. Hill Realty Co.***, No. M1999-00633-COA-R3-CV, 2000 WL 863136 (Tenn. Ct. App. June 29, 2000). In ***Jones***, the plaintiff fell while descending the stairs at a shopping mall. According to her complaint, the plaintiff "became unsteady and reached for the handrail to steady herself." Because the handrail was allegedly negligently designed to be too big for the plaintiff's hand, she was unable to grasp the rail and fell down the stairs, resulting in severe injuries. *Id.* at *1. The defendant shopping mall moved for summary judgment, submitting evidence that the handrail complied with all applicable building codes at the time of its construction. The plaintiff responded with the affidavit of an expert, who opined that the handrail at issue "did not fit the 'dictionary' definition of a handrail," and was therefore constructed in violation of the building code and constituted a dangerous condition. The trial court granted the defendant shopping mall's motion and the plaintiff appealed. *Id.*

The Court of Appeals affirmed the grant of summary judgment, agreeing with the trial court that "[t]he record in this case is insufficient to create a jury question as to the existence of a dangerous condition in the premises." *Id.* at *3. In reaching this result, the Court of Appeals rejected the affidavit of the plaintiff's purported expert, noting that the expert's opinion was based merely on an excerpt from a dictionary, a source "equally capable of being read and understood by the most learned engineer or the average lay reader." *Id.* The Court also noted that lack of evidence showing "a causal link between the size of the handrail and the injuries in question." Consequently, the ***Jones*** Court ruled that the plaintiff had not shown that the defendant shopping mall "reasonably knew or should have reasonably known of the probability of an occurrence such as the one which caused her injuries." *Id.* at *4 (quoting ***Eaton v. McClain***, 891 S.W.2d 587, 594 (Tenn. 1994)).

The trial court also relied on this Court's Opinion in ***Newcomb v. State***, No. M2014-00804-COA-R3-CV, 2015 WL 3956038, at *4 (Tenn. Ct. App. June 26, 2015). In ***Newcomb***, the plaintiff fell down a flight of stairs outside a government building. *Id.* at *1. In her complaint against the State of Tennessee, she alleged that that she was injured because "the handrail was too low for her to reach and because the steps were not covered in non-skid material." The case went to trial before the Claims Commission, which ruled that the plaintiff failed to establish that a dangerous condition existed or, if in existence, that the State knew or should have known of the condition. *Id.*

The Court of Appeals affirmed the decision of Claims Commission, likewise concluding that the plaintiff's evidence failed to establish a dangerous condition. *Id.* at *4. As this Court explained:

> There is no evidence that the steps and handrail were broken or structurally unsound. There is also no evidence that [the] [p]laintiff tripped on a foreign object that had been left on the stairs. [The] [p]laintiff did testify that the handrail was too low for her to reach because it started one step down from the top step, and that the steps did not have a non-skid surface; however, there was no evidence that it was unreasonable or even unusual to maintain steps like these in this condition. Instead, the evidence in the record indicates that these steps were commonly used and examined both by the public and by those responsible for their maintenance. The evidence also indicated that, despite the fact that these steps were frequently used, there were no prior incidents involving them. Under these circumstances, the steps were not in a condition from which an injury could be reasonably anticipated.

*Id.* Thus, the *Newcomb* Court affirmed the Claims Commission's dismissal of the plaintiff's claim.

Ms. Cruce argues that each and every case cited by the trial court and Appellee Restaurant is distinguishable from the case-at-bar because of the different procedural postures involved in each case. For example, both *Nee* and *Newcomb* involve dismissals that occurred after the plaintiff was able to present evidence at trial. *Newcomb*, 2015 WL 3956038, at *1; *Nee*, 106 S.W.3d at 651.[2] As such, Ms. Cruce essentially argues that the trial court improperly required her to try her case at the summary judgment stage. In support, Ms. Cruce cites several summary judgment cases that were decided by this Court prior to the Tennessee Supreme Court's recent pronouncement in *Rye. See, e.g., Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993); *Urtuzuastegui v. Kirkland*, 366 S.W.3d 128 (Tenn. Ct. App. 2011); *Landry v. S. Cumberland Amoco, et al.*, No. E2009-01354-COA-R3-CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010).

As previously discussed, however, in 2015, the Tennessee Supreme Court rejected Tennessee's prior summary judgment scheme as having "shifted the balance too far and imposed on parties seeking summary judgment an almost insurmountable burden of production[.]" *Rye*, 477 S.W.3d at 261, *overruling Hannan v. Alltel Pub'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). The Tennessee Supreme Court therefore adopted a far less exacting standard, allowing a moving party who does not bear the burden of proof at trial to obtain summary judgment by either: (1) "affirmatively negating an essential element of

---

[2] *Jones* involved the grant of summary judgment. *See Jones*, 2000 WL 863136, at *1. *Jones* is not cited in Ms. Cruce's brief; as such, there is no attempt to distinguish it from the facts of this case.

the nonmoving party's claim"; or (2) "demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264. Thus, Appellee Restaurant is entitled to summary judgment if it can demonstrate that the undisputed material facts at the summary judgment stage are insufficient to establish a dangerous condition for purposes of premises liability. While the tenet remains true that the trial court must not "weigh the evidence at the summary judgment stage," *see Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 752 (Tenn. 2015), in order to defend a properly supported motion for summary judgment, the nonmoving party "must do more than simply demonstrate some metaphysical doubt as to the material facts; the nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Steele*, 2015 WL 9311846, at *8 (citing *Rye*, 477 S.W.3d at 264). Rather, summary judgment may be granted "when the evidence supporting the plaintiff's claim 'is merely colorable or is not significantly probative.'" *Rye*, 477 S.W.3d at 252 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) (citations omitted)). Because the Tennessee Supreme Court "return[ed] to a summary judgment standard consistent with" that applicable in federal courts, the Tennessee Supreme Court cited the following language with approval:

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict— "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."

*Id.* (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505); *see also McGinnis v. Cox*, 465 S.W.3d 157, 164 (Tenn. Ct. App. 2014) ("Decisions of federal courts construing rules that are substantially similar to our own are 'highly persuasive.'"). Our analysis is therefore guided by the standard adopted by the Tennessee Supreme Court in *Rye* rather than Tennessee's prior summary judgment standard.

A more recent case considering the issue presented in this case through the lens of *Rye* is therefore helpful to our analysis. In *Steele v. Primehealth Medical Center, P.C.*, No. W2015-00056-COA-R3-CV, 2015 WL 9311846 (Tenn. Ct. App. Dec. 22, 2015), the plaintiff delivery person fell on the sidewalk outside the business where he was delivering packages. *Id.* at *1. The plaintiff filed a complaint alleging that the sidewalk constituted a dangerous condition because the "dropoff" from the sidewalk and/or wheelchair ramp to the street was unmarked. *Id.* After discovery was completed, the

defendant filed a motion for summary judgment denying that the condition complained of in the complaint constituted a dangerous condition. The defendant supported its motion with the report of a professional engineer who opined that the curb and wheelchair ramp complied with all applicable building codes at the time of construction. The trial court eventually granted the defendant's motion, ruling that the plaintiff failed to establish that a dangerous condition existed on the premises, especially given the lack of expert testimony proffered by the plaintiff. *Id.* at \*3.

The Court of Appeals first rejected the trial court's conclusion that expert testimony was necessary to show a dangerous condition under the circumstances. *Id.* at \*5–6. Instead, we concluded that "expert testimony was not a prerequisite to establishing that the sidewalk or wheelchair ramp was unreasonably dangerous." *Id.* at \*6. This Court nevertheless affirmed the trial court's grant of summary judgment in favor of the defendant. First, the *Steele* Court concluded that the defendant properly supported its motion for summary judgment by submitting evidence that the building construction complied with applicable building codes and that no other similar incidents had occurred since the building had been constructed. *Id.* at \*8. The Court therefore determined that the burden of production shifted to the plaintiff to show specific evidence of a dangerous condition and proceeded to analyze the evidence submitted by the plaintiff. *Id.* at \*8–9.

In response to the summary judgment motion, the plaintiff in *Steele* relied on photographs of the accident site and the plaintiff's testimony that his injury could have been avoided if the curb had "been marked with paint, a sign, or some type of warning." *Id.* at \*9. The Court of Appeals concluded that this evidence was insufficient to defeat the defendant's summary judgment motion. The Court noted that while more proof could "conceivabl[y] . . . be developed," the record contained no proof that the construction of the curb was unsafe, dangerous, or perilous. *Id.* at \*10. Rather, the evidence in the record established that the curb was constructed pursuant to applicable building codes and "that no other incidents had occurred at the curb in the eleven years since its construction[.]" *Id.* Accordingly, the Court concluded that the plaintiff failed to submit specific facts in support of his argument that the curb was dangerous. This Court therefore affirmed the grant of summary judgment. *Id.*

We likewise conclude that summary judgment is appropriate in this case. Here, Appellee Restaurant properly supported its motion for summary judgment with a statement of undisputed material facts. *See* Tenn. R. Civ. P. 56.03 (requiring the moving party support his or her motion for summary judgment with a statement of undisputed facts). Ms. Cruce either admitted or failed to respond to the facts contained therein; accordingly, we take the facts as true for purposes of summary judgment. *See Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) ("It is well-settled that, when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted."). In its

- 10 -

statement of undisputed material facts, Appellee Restaurant asserted, with appropriate references to evidence in the record, three important facts: (1) that the stairway at issue was flanked by two handrails, only one of which was decorated in any way; (2) that the handrail containing the decorations had been similarly decorated for the past fifteen years; and (3) that in the prior fifteen years in which the handrail was decorated, no person had ever fallen down the stairs as a result of the decorations.

Regardless of the fact that Appellee Restaurant admittedly created the condition complained of, Appellee Restaurant's evidence establishes that "no unreasonable risk was to be anticipated" from the condition of the stairs at the time of Ms. Cruce's fall. *Rice*, 979 S.W.2d at 308–09. Here, Appellee Restaurant's undisputed evidence shows that Ms. Cruce had access to the unencumbered handrail and that no accidents had occurred in the fifteen years that the one handrail had been decorated. This Court has previously held that evidence that the stairs were commonly used and had not resulted in a prior accident was sufficient to support dismissal of the plaintiff's case. *See Newcomb*, 2015 WL 3956038, at *4; *see also Steele*, 2015 WL 9311846, at *8 (holding that the defendant/movant's burden of production had been met based on evidence that "no other incidents had occurred . . . in the eleven years since it was constructed"). As we have previously explained: "A condition is dangerous 'only if it is reasonably foreseeable that the condition could probably cause harm or injury and that a reasonably prudent property owner would not maintain the premises in such a state.'" *Newcomb*, 2015 WL 3956038, at *4 (quoting *Stewart*, 2008 WL 426458, at *4). "The fact that an injury is simply possible, as opposed to probable, does not make a condition dangerous." *Id.*; *see also* ***Christian v. Ebenezer Homes of Tennessee, Inc.***, No. M2012-01986-COA-R3-CV, 2013 WL 3808210, at *3 (Tenn. Ct. App. July 17, 2013) ("[P]robability, not possibility, governs; that it is possible does not make it dangerous[.]"). The fact that no accidents had occurred in such a long period of time on the stairs at Appellee Restaurant despite the regular use of Christmas decorations establishes that it was not reasonably foreseeable that the Christmas decorations would "probably" cause harm. *Newcomb*, 2015 WL 3956038, at *4. As such, this case is highly analogous to *Jones*, wherein this Court affirmed summary judgment on the basis that the evidence failed to establish that the defendant "reasonably knew or should have reasonably known of the probability of an occurrence such as the one which caused [the plaintiff's] injuries." *Jones*, 2000 WL 863136, at *4. Based on the foregoing, we must conclude that Appellee Restaurant "satisfied [its] burden of production by demonstrating that [Ms. Cruce's] evidence at the summary judgment stage was insufficient to establish their claim for negligence." *Steele*, 2015 WL 9311846, at *8.

Like in *Steele*, we must likewise conclude that Ms. Cruce failed to meet her burden to show that there is a genuine issue for which a trial is necessary. As previously discussed, the Tennessee Supreme Court in *Rye* held that in order to defeat a properly supported motion for summary judgment, the nonmoving party must point to "'specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'"

- 11 -

*Rye*, 477 S.W.3d at 264–65. In her response to the motion for summary judgment and at oral argument, Ms. Cruce repeatedly referred to the handrail at issue as a "safety device." Importantly, the only support provided for this fact in Ms. Cruce's filings is a reference to her complaint.[3] Rule 56.06 of the Tennessee Rules of Civil Procedure however, specifically provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*See also* *Rye*, 477 S.W.3d at 264 (reiterating Rule 56.06's requirements). In complete derogation of her duty under *Rye*, Ms. Cruce submitted no evidence, in the form of building codes or other sources, showing that the handrail at issue is a "safety device" that is per se made dangerous by the addition of garland and Christmas lights. Moreover, Ms. Cruce cites to no legal authority, nor has our research revealed any, in which Tennessee courts have previously held that the addition of garland or other decorations to one of two handrails flanking a staircase impedes its use and renders the condition dangerous. Indeed, Ms. Cruce fails to cite a single case in her appellate brief that she asserts is analogous to the present case wherein the court held that the evidence presented was sufficient to establish a dangerous condition.

Given the lack of evidence or authority in support of her assertion that the handrail was rendered dangerous by the addition of the decoration, for a jury to conclude that the simple addition of Christmas decorations to one of two handrails flanking a stairway "would require 'speculation, conjecture, and guesswork.'" *Boykin v. George P. Morehead Living Trust*, No. M2014-00575-COA-R3-CV, 2015 WL 3455433, at *1 (Tenn. Ct. App. May 29, 2015) (quoting *Nee*, 106 S.W.3d at 654). Given the undisputed evidence that no falls had ever occurred in this location in the prior fifteen years, Ms. Cruce must set forth some evidence that not merely that a fall on the stairs at issue was possible, but that "it [was] reasonably foreseeable that the condition could **probably** cause harm or injury and that a reasonably prudent property owner would not maintain the premises in such a state.'" *Newcomb*, 2015 WL 3956038, at *4 (emphasis added). Ms. Cruce has simply pointed to no evidence other than the isolated incident of her fall on December 7, 2012, to show that a reasonably prudent person would not have maintained the stairwell in the same fashion or that it was reasonably foreseeable that an injury would more than likely occur. Like in our prior cases, we agree that "[i]t is conceivable that proof could be developed that would lead to the conclusion that the

---

[3] Specifically, Ms. Cruce's response to the summary judgment motion contains the following language: "The handrails on the stairs at the [Appellee Restaurant] is a safety device. *See* [Ms. Cruce's] Complaint at para. 12."

[decorations added to the handrail] created an unsafe, dangerous, or perilous condition. However, this record contains no such proof." *Cagle v. Gaylord Entm't Co.*, No. M2002-00230-COA-R3-CV, 2002 WL 31728866, at *3 (Tenn. Ct. App. Dec. 5, 2002); *see also Steele*, 2015 WL 9311846, at *10 (quoting the above language of *Cagle* and coming to the same conclusion regarding the evidence presented by the plaintiff). Faced with a similar lack of proof regarding prior injuries created by the condition at issue, this Court has concluded that the simple fact that one person was injured "is not proof that the [premises] is dangerous or unsafe. Graceful athletes often trip on yardlines in football or on the foul line in basketball. People do trip and fall on conditions that are not unsafe." *Cagle*, 2002 WL 31728866, at *3. Furthermore, like in *Newcomb*, Ms. Cruce submitted "no evidence that it was unreasonable or even unusual" to decorate one of two handrails flanking a stairway in this condition. *Newcomb*, 2015 WL 3956038, at *4. Instead, the only evidence in the record on this issue shows that it was Appellee's regular practice to decorate one handrail flanking the stairway at issue with Christmas decorations for the fifteen years prior to Ms. Cruce's fall.

After a thorough review of the record, we must conclude that Ms. Cruce failed to satisfy her burden to show specific evidence in support of her claim that a dangerous condition existed on the premises. Importantly, in her brief to this Court, Ms. Cruce cites to no evidence that was misconstrued or overlooked by the trial court in granting summary judgment to show that the addition of Christmas decorations to the handrail/stairs at issue constituted a dangerous condition; rather, Ms. Cruce simply asserts that the trial court invaded the province of the jury in granting summary judgment rather than allowing the case to proceed to trial. Given that Ms. Cruce failed to point to any evidence to rebut Appellee's Restaurant's evidence showing that it was not "reasonably foreseeable that the condition could probably cause harm or injury," we cannot agree that the trial court erred in concluding that no dangerous condition existed on the premises. *Newcomb*, 2015 WL 3956038, at *4. Because the existence of a dangerous condition is an essential element of Ms. Cruce's premises liability claim, *see Nee*, 106 S.W.3d at 653, her claim must necessarily fail. The trial court's decision to grant summary judgment in favor of Appellee Restaurant is therefore affirmed.

## CONCLUSION

The judgment of the Circuit Court of Shelby County is affirmed and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Margaret N. Cruce, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

- 13 -