IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 11, 2018 Session

## ROBBIE HUNTER v. KROGER LIMITED PARTNERSHIP I ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001509-16          Rhynette N. Hurd, Judge**

_____

**No. W2017-01789-COA-R3-CV**

_____

Plaintiff appeals the trial court's order granting summary judgment to the defendant on a premises liability claim. Because the plaintiff offered no evidence to support an essential element of her premises liability claim at the summary judgment stage, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and BRANDON O. GIBSON, JJ., joined.

Walter Bailey, Jr. and Taurus M. Bailey, Memphis, Tennessee, for the appellant, Robbie Hunter.

Christopher M. Myatt, Memphis, Tennessee, for the appellees, Kroger Limited Partnership I, and Kroger Company #K025 d/b/a Kroger East/Delta.

## OPINION

## Background

This is a premises liability case. Plaintiff/Appellant Robbie Hunter ("Appellant") went to a grocery store owned by Defendant/Appellee Kroger Limited Partnership I ("Kroger") in Memphis, Tennessee on April 12, 2015, and began browsing one of the frozen food aisles. Appellant proceeded to bend over into one of the freezers in search of an item. When another customer proceeded down the aisle, Appellant straightened up and backed away from the freezer in order to let the other customer pass. In taking three or four steps backwards, Appellant tripped on a wooden pallet that was left on the floor in the center of the aisle. Appellant fell and landed on the pallet, allegedly sustaining

injuries in the process. The pallet was wooden and "standard-sized." It is undisputed that the pallet was left on the floor by a Kroger employee who had used the pallet for stocking shelves and who was farther down the aisle stocking shelves at the time of Appellant's fall. It is also undisputed that nothing was obscuring Appellant's view of the pallet.

Appellant filed a complaint for damages against Kroger on April 11, 2016, in the Circuit Court for Shelby County ("trial court"). In the complaint, Appellant alleged that she sustained injuries as a result of her fall, resulting in both medical expenses as well as ongoing pain and suffering. According to Appellant, Kroger owed her an affirmative duty of care to protect her from the dangerous condition created by the pallet and further alleged that "there were no signs, cones or warnings of any kind regarding the dangerous condition." Appellant sought to recover $500,000.00 in compensatory damages, as well as $1,000,000.00 in punitive damages.

In response, Kroger admitted that it owed Appellant a general duty of care but denied the contention that the wooden pallet on the floor of the aisle created a risk of "unreasonable harm or peril." Further, Kroger acknowledged that its employees knew of the pallet's presence on the floor but averred that the pallet was not a dangerous condition as Appellant alleged in her complaint. Kroger also argued that Appellant's injuries were the result of her own acts and omissions and suggested that Appellant failed "to care for her own safety and maintain awareness of her surroundings." Essentially, Kroger maintained that it owed no duty to protect Appellant from the wooden pallet because it was not an unreasonably dangerous condition, and, in the alternative, Appellant's comparative fault should bar her recovery.

After a period of discovery, Kroger filed a motion for summary judgment on May 1, 2017. In its supporting memorandum, Kroger argued that Appellant offered insufficient evidence of the duty element of her premises liability claim. Kroger noted that the duty of a property owner in a premises liability action is such that "the property owner must remove or warn against latent or hidden dangerous conditions on its premises that the property owner was aware of or should have been aware of." Here, Kroger urged that the wooden pallet did not amount to a dangerous condition; thus Kroger "had no duty to remove or warn its customers of a 'dangerous condition.'" Rather, Kroger asserted that "a pallet possesses no qualities that make it inherently dangerous . . . [Appellant's] allegation that this pallet was a dangerous condition is not based on anything other than the fact that she tripped." Finally, Kroger asserted that no reasonable jury could find that Appellant was less than fifty-percent at fault, as Appellant tripped over the wooden pallet while walking backwards in the grocery aisle.

Kroger filed a statement of undisputed material facts in support of its motion for summary judgment. This statement of facts, in pertinent part, states:

2

4. At the time of this incident, [Appellant] was shopping in the freezer section of the store.

5. [Appellant] opened one of the freezer doors while she was shopping for ice cream in the freezer section of the store.

6. After she opened the door, [Appellant] was standing in between the open freezer door and the exposed contents of the freezer itself.

7. While standing there, another customer was attempting to maneuver down the freezer aisle that [Appellant] was shopping in.

8. Attempting to let the other customer pass by her, [Appellant] closed the freezer door and stepped backwards.

9. As she was stepping backwards, [Appellant] tripped on a wooden pallet that was in the aisle.

10. [Appellant] had taken around four steps backwards before she made contact with the wooden pallet.

11. [Appellant] feel [sic] backwards onto the wooden pallet and landed on her bottom.

12. [Appellant] did not see the wooden pallet at any point before she fell.

13. [Kroger] employees were using this wooden pallet in the freezer aisle to restock various items.

14. There was nothing blocking [Appellant's] view of the wooden pallet.

(Record citations omitted).

Appellant responded in opposition to Kroger's motion but admitted all of Kroger's undisputed material facts, proffered no additional material facts, and submitted no additional evidence. Appellant averred that Kroger could not be absolved of any liability simply because the pallet was open and obvious. Appellant insisted that Kroger's argument "emphasizing that the pallet was not 'latent or hidden' inferentially promotes the specious argument that it was open and obvious giving them *ipso facto* absolution of any duty owed[,]" and that this "'open and obvious' argument is totally inconsistent and against the weight of authority."

The trial court eventually entered an order granting Kroger's motion for summary judgment on August 14, 2017. According to the trial court, the undisputed facts in this case reflect that "the pallet did not constitute an unreasonably dangerous condition[,]" and that "[b]y itself, [Appellant's] injury . . . is not sufficient to establish the existence of a dangerous condition." Consequently, the trial court found that Kroger owed no duty of care to Appellant and thus, as a matter of law, Appellant's premises liability claim failed and Kroger was entitled to summary judgment. Appellant's claim was dismissed with prejudice, and a timely notice of appeal was filed September 8, 2017.

## Issues presented

The Appellant raises one issue, which is taken from her brief: Whether the trial court erred in determining that there was no genuine factual dispute as to the open and obvious nature of the pallet over which Appellant tripped, and the extent to which the pallet amounted to a dangerous condition for which Kroger owed Appellant a duty of care.

## Standard of Review

This case was decided on a motion for summary judgment. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. "[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

On appeal, this Court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *Rye*, 477 S.W.3d at 250 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. See *White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to evidence that shows summary judgment is inappropriate. *Rye*, 477 S.W.3d at 264–65. As the Tennessee Supreme Court explained:

> When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] ... supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

Id. (citation omitted).

Discussion

The claims in this case involve premises liability, a form of negligence. "Business proprietors are not insurers of their patrons' safety." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (quoting *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)). Property owners are, however, required to exercise due care under all the circumstances. *Blair*, 130 S.W.3d at 764. "This general duty of due care imposes upon a property owner the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." *Parker*, 446 S.W.3d at 350 (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)). A property

owner's duty, however, does not include "the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Rice v. Sabir*, 979 S.W.2d 305, 308–09 (Tenn. 1998) (citations and internal quotation marks omitted).

As such, "[t]he duty applicable to premises owners only requires them to remove or warn against conditions that are, in fact, dangerous." *Newcomb v. State*, No. M2014-00804-COA-R3-CV, 2015 WL 3956038, at *3 (Tenn. Ct. App. June 26, 2015) (citing *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014)). "A premises owner is not under a duty to warn of every aspect of a premises that may be unfamiliar." *Steele v. Primehealth Med. Ctr., P.C.*, No. W2015-00056-COA-R3-CV, 2015 WL 9311846, at *10 (Tenn. Ct. App. Dec. 22, 2015) (citing *Norfleet v. Pulte Homes Tenn. Ltd. P'ship*, No. M2011-01362-COA-R3-CV, 2011 WL 5446068, at *5 (Tenn. Ct. App. Nov. 9, 2011)). "'To hold otherwise would necessarily cast the premises owner in the role of an absolute insurer of the social guest's safety, which is not contemplated by our negligence law.'" *Steele*, 2015 WL 9311846, at *10 (quoting *Norfleet*, 2011 WL 5446068, at *5). Therefore, in order to hold a premises owner liable for an injury, there must be some evidence that a dangerous condition actually existed on the premises. *Nee v. Big Creek Partners*, 106 S.W.3d 650, 653 (Tenn. Ct. App. 2002).

Here, Kroger contends, and the trial court concluded, that Appellant failed to put forth any evidence at the summary judgment stage demonstrating that the pallet in question was a dangerous condition, such that Kroger owed Appellant a duty of care. In support, Kroger cites in its appellate brief several Tennessee cases in which premises liability claims were disposed of due to the plaintiff's failure to proffer evidence establishing that the defendant owed a duty of care to the plaintiff.

For example, Kroger notes that in *Buck v. Accurate C & S Services*, No. E2017-00231-COA-R3-CV, 2017 WL 5135703 (Tenn. Ct. App. Nov. 6, 2017), this Court upheld the trial court's grant of summary judgment to the defendant on the basis that the plaintiff failed to show that the defendant owed him a duty of care. *Id.* at *6. In that case, the plaintiff was entering the defendant's business when the plaintiff tripped on a rise in the door frame of the front door. *Id.* at *1. The plaintiff alleged that the raised threshold of the door frame was an unreasonably dangerous condition, and that he suffered injury as a result of the defendant's negligence in maintaining the condition. *Id.* at *2. When the defendant moved for summary judgment, it argued that the undisputed material facts showed that the doorway was not unreasonably dangerous. *Id.* While the plaintiff filed a response to the motion for summary judgment, he provided no further evidence reflecting that the raised doorframe amounted to a dangerous condition. *Id.* The trial court entered an order granting the defendant's motion, and this Court affirmed, noting that the

"[p]laintiff produced no evidence whatsoever in response to the motions for summary judgment and, therefore, failed to satisfy his burden." *Id.* at *5.

Likewise, in *Nee v. Big Creek Partners*, 106 S.W.3d 650 (Tenn. Ct. App. 2002), the plaintiff tripped going down a set of stairs on a golf course and suffered a broken ankle. *Id.* at 652. As such, the plaintiff alleged that Big Creek was negligent in its "construction, maintenance, and inspection of the stairs." *Id.* During a bench trial, the plaintiff testified about his fall and introduced a picture that showed the stairs were "rotted and in a state of disrepair." *Id.* The trial court, however, was unconvinced that this amounted to sufficient evidence to show a dangerous condition, and entered a directed verdict for the defendant. *Id.* at 651. We affirmed the decision of the trial court, concluding that the plaintiff's evidence was insufficient to create an inference that the stairs were defective or dangerous. *Id.* at 655. This Court has come to a similar conclusion in several other cases. See, e.g., *Cagle v. Gaylord Entm't Co.*, No. M2002-00230-COA-R3-CV, 2002 WL 31728866, at *1 (Tenn. Ct. App. Dec. 5, 2002) (affirming the trial court's grant of summary judgment in favor of defendants where plaintiff alleged that a curb in defendant's parking lot was a dangerous condition but presented no proof as to how the curb presented a hazard); *Goumas v. Mayse*, No. 2013-01555-COA-R3-CV, 2014 WL 1713195, at *8 (Tenn. Ct. App. Apr. 29, 2014) (holding that summary judgment in favor of defendant was proper in premises liability action where plaintiff proffered no evidence that the rock over which he tripped "presented any unreasonable risk of harm."); *Holland v. K-VA-T Food Stores, Inc.,* No. E2013-02798-COA-R3-CV, 2015 WL 151373, at *3 (Tenn. Ct. App. Jan. 13, 2015) (defendant store owed no duty to plaintiff in premises liability case in which plaintiff walked backwards and tripped over a fully visible curb in the parking lot).

Appellant argues, however, that Kroger cannot be absolved of all liability simply because the pallet was open and obvious.[1] This characterization of Kroger's argument, however, conflates what Kroger has actually asserted. Indeed, it is undisputed in this case that the pallet was not latent or hidden, and that nothing obstructed Appellant's view of

---

[1] It is well-settled that the "open or obvious" nature of a condition no longer "ipso facto[] relieves a defendant of a duty of care." Coln v. City of Savannah, 966 S.W.2d 34, 43 (Tenn. 1998). Rather, this Court has held that a defendant's duty can still arise where a condition is open and obvious; however, "[w]hen an invitee is injured because of dangers that are obvious, reasonably apparent, or as well known to the injured party as to the owner or operator of the premises, liability, if any, should be determined in accordance with the principles of comparative fault analysis[.]" Green v. Roberts, 398 S.W.3d 172, 178 (Tenn. Ct. App. 2012) (citing *Cooperwood v. Kroger Food Stores, Inc.*, No. 02A01-9308-CV-00182, 1994 WL 725217 (Tenn. Ct. App. Dec. 30, 1994)). Essentially, the open and obvious doctrine has been subsumed by Tennessee's adoption of a comparative fault system. See *McIntyre v. Ballentine*, 833 S.W.2d 52 (Tenn. 1992). Although the Appellant in this case has characterized Kroger's argument as being reliant on the outdated "open and obvious" doctrine, this is incorrect. Kroger did not argue at trial, nor has it argued in this appeal, that Kroger cannot be held liable because the pallet was open and obvious.

the pallet. As such, Kroger has never asserted that it cannot be held liable for Appellant's injuries simply because the pallet was open and obvious. Rather, Kroger argues that the pallet does not amount to a dangerous condition and contends that Appellant put forth no evidence of Kroger's duty of care at the summary judgment stage. See *Rye*, 477 S.W.3d at 265 ("[A]fter adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial.").

In response, Appellant argues that Kroger owed her a duty of care because in the context of a grocery store, it is reasonably foreseeable that customers will become distracted by various merchandise displays and will not be aware of even open and obvious conditions. According to Appellant, retailers "owe a duty of care to protect shoppers against the risk of harm posed by open and obvious conditions where it is reasonably foreseeable that the customers will be distracted by the store's merchandise and fail to notice the condition."

To support this contention, Appellant relies heavily on *McDavid v. ALDI*, No. 2:16-cv-02699-SHM-cgc, 2017 WL 2954424 (W.D. Tenn. 2017). In *McDavid*, the plaintiff was browsing items in the frozen food section at an ALDI grocery store. *Id.* at *1. After bending over into the freezer, the plaintiff "straightened up . . . stepped backward, allowing the door to close." *Id.* "[W]hen she did so, her foot hit part of the center-aisle display, and she fell backward into the display[.]" *Id.* ALDI moved for summary judgment on the basis that there was no dangerous condition under those circumstances. *Id.* The district court, however, disagreed. In discussing ALDI's duty of care, the court noted:

> [R]elevant considerations that bear on whether a premises owner owes a duty of care to protect invitees from an open-and-obvious condition include whether the danger was known and appreciated by the plaintiff, whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for the defendant to foresee the harm. Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it . . . ALDI had reason to expect that its customers' attention might be distracted because a store competes for the customer's attention by encouraging her to look at and purchase items for sale. It would have been foreseeable that a customer in Plaintiff's position, distracted by merchandise in the freezer unit as Plaintiff was, might momentarily forget about the display that she had discovered. For a customer in Plaintiff's position, the risk and gravity of harm posed by the

display was heightened by the narrowness of the space between the display and the glass windows.

*Id.* at **4–5.

Appellant also cites ***Read v. Home Depot USA, Inc.***, No. 01A01-9803-CV-00121, 1998 WL 721084 (Tenn. Ct. App. Oct. 15, 1998), and ***Fox v. Food Lion Store #539***, No. E1911-00015-COA-R3-CV, 2000 WL 1424805 (Tenn. Ct. App. Sept. 21, 2000). The ***Read*** plaintiff alleged that she was distracted by the "cloud of light" in the light fixture aisle of Home Depot, and that the injury she sustained after tripping on a box protruding into the aisle was foreseeable. *Id.* at *1. The court agreed with the plaintiff that under those particular circumstances, the retail store indeed owed the plaintiff a duty of care:

> The merchandise in this area included over 200 ceiling light fixtures (chandeliers) which were hung 18 feet above the floor in what was described as a light cloud which extended the entire length of the aisle . . . The presence of the "cloud of light" for the express purpose of attracting the attention of customers placed a special duty of care upon the defendant to provide safety for the customers whose attention was diverted from their pathway to the ceiling.

***Read***, 1998 WL 721084, at *2.

Finally, in relying on ***Fox***, 2000 WL 1424805, Appellant asserts that Kroger bore a "special duty of care . . . because a grocery store should reasonably expect customers to inspect and read items while they are shopping." The ***Fox*** plaintiff brought suit against Food Lion after tripping over an empty wooden display base in the one of the grocery aisles. *Id.* at *1. The display base "had been placed in the aisle by the defendant's store planner several months prior to the accident and was typically utilized as a display for 12-pack cases of soft drinks." *Id.* A jury awarded the plaintiff over $100,000.00 in damages, and this Court affirmed, explaining that:

> Food Lion had reason to expect that the attention of a customer such as Fox would be distracted . . . the defendant's customer service manager, acknowledged as much when she testified that merchandise is placed on shelves and on displays for the purpose of attracting the attention of customers. Furthermore, a grocery store should reasonably expect customers to inspect and read items while they are shopping.

*Id.* at *4. Thus, the ***Fox*** court determined that under those particular circumstances, the display base at issue was a dangerous condition such that the defendant owed the plaintiff a duty of care.

9

Here, Appellant asserts on appeal that because the case-at-bar appears factually similar to *McDavid*, *Read*, and *Fox*, summary judgment in this case is likewise inappropriate. According to Appellant, she was "distracted by looking for a specific brand of ice cream when she needed to step back to let another customer get by. [Appellant] had not seen the pallet because she was at all times distracted by the products on display. The empty pallet lying in the middle of aisle created a dangerous condition resulting in a clear duty of care to [Appellant]."

While the cases cited by Appellant appear similar at first blush, a close review reveals that the present case is in fact distinguishable.[2] The premise of the holding in both *McDavid* and *Read* is that the defendant store intentionally created a merchandise display that was meant to attract the attention of customers. See *McDavid*, 2017 WL 2954424, at *7 ("McDavid was distracted by merchandise when she fell."); see also *Read*, 1998 WL 721084, at *2 ("The presence of the 'cloud of light' for the express purpose of attracting the attention of customers placed a special duty of care upon the defendant to provide safety for the customers whose attention was diverted from their pathway to the ceiling."). Under these circumstances, the court held that it was foreseeable that customers would be unaware of their surroundings, thereby creating a duty of care on the part of the store.

In the case-at-bar, however, Appellant readily admits that at the time of her fall, she was not browsing any type of sales display but was in fact walking backwards to avoid the path of another customer. Indeed, Kroger stated in its statement of undisputed facts that in letting "another customer pass by her, [Appellant] closed the freezer door and stepped backwards . . . [a]s she stepped backwards, [Appellant] tripped on a wooden pallet that was in the aisle." In response, Appellant admitted this fact proffered by Kroger. See *Cruce v. Memmex, Inc.*, No. W2016-01167-COA-R3-CV, 2017 WL 497035, at *8 (Tenn. Ct. App. Jan. 17, 2017) (facts admitted by the non-moving party are taken as true for purposes of summary judgment). As such, the events underlying Appellant's claim are distinct from that of the cases she relies on. Notably, the *McDavid* opinion explicitly states that the facts in that case were distinguishable from cases in which plaintiffs "simply were not paying attention," and clarified that a duty of care does not necessarily arise where customers are "not distracted by merchandise" at the time of a fall. *McDavid*, 2017 WL 2954424, at *7.

---

[2]We also note that in any event, the *McDavid* case is not binding precedent. See *Fitzgerald v. Hickman Cty. Gov't*, No. M2017-00565-COA-R3-CV, 2018 WL 1634111, at *19 n.8 (Tenn. Ct. App. Apr. 4, 2018) (citing *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 452 (Tenn. Ct. App. 2001) ("When a federal court undertakes to decide a state law question . . . the state courts are not bound to follow the federal court's decision.")).

10

Moreover, the case at hand is distinguishable from *McDavid* and *Read* in that the plaintiffs in those cases satisfied their burden in proffering sufficient evidence as to the defendant's duty at the summary judgment stage.[3] In *Read*, for example, there was evidence that the "cloud of light" contained over two-hundred light fixtures meant to attract shoppers' attention and that the carton over which the plaintiff tripped protruded several feet into the same aisle. *Id.* Likewise, in *McDavid*, the plaintiff submitted evidence concerning the dimensions of the aisle compared to the display. *McDavid*, 2017 WL 2954424, at *1 ("The space between the side of the aisle and the edge of the center-aisle display was approximately 3 feet . . . the door . . . extended approximately 2 feet into the aisle . . . the aisle was very narrow.").

Although Appellant in this case had ample time to conduct discovery that would have perhaps produced similar evidence, Appellant chose to submit no evidence at the summary judgment stage, nor did she seek additional time for discovery. See *Todd v. Shelby Cty.*, 407 S.W.3d 212, 218 (Tenn. Ct. App. 2012) (noting that a nonmoving party may properly respond to a motion for summary judgment by "submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06.") (quoting *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)). Instead, Appellant responded by admitting all of Kroger's proposed undisputed material facts. The undisputed facts submitted by Kroger contain no information concerning the dimensions of the aisle at issue or the pallet that allegedly caused Appellant's fall. See *McDavid*, 2017 WL 2954424, at *1 (considering similar evidence in holding that summary judgment was not appropriate); *Fox*, 2000 WL 1424805, at *1 (considering such evidence to sustain the jury's verdict). Rather, the undisputed material facts reflect only that there was a pallet in the floor of the aisle and that Appellant fell on it. It is well-settled in Tennessee that evidence of an injury, standing alone, does not constitute evidence of a dangerous condition. See, e.g., *Cagle*, 2002 WL 31728866, at *4 (concluding that plaintiff's fall alone did not amount to "proof that defendant's conduct posed any harm to the plaintiff."); *Barron v. Stephenson*, No. W2004-02906-COA-R3-CV, 2006 WL 16310, at *1 (noting that "the mere fact that an injury has been sustained" does not mean that negligence has occurred); cf. *Smid v. St. Thomas Hosp.*, 883 S.W.2d 632, 634 (Tenn. Ct. App. 1994) (pointing out that "there is [no] product of human nature or invention, no matter how benevolent, that a human being cannot turn into a source of injury to himself, if only he is careless enough.").

---

[3] The plaintiff also met her burden of proof in *Fox*, albeit following a jury trial, rather than at summary judgment. Specifically, the *Fox* plaintiff produced evidence explaining the layout of the aisle in which she tripped, as well as the display that caused her to fall. *Fox*, 2000 WL 1424805, at *1 ("The subject display base was approximately eight feet long, three feet wide, and six inches high. It was located between two displays of merchandise in the center of the aisle. The display base had been placed in the aisle by the defendant's store planner several months prior to the accident and was typically utilized as a display for 12-pack cases of soft drinks.").

Consequently, we cannot conclude that the wooden pallet created the condition complained of by Appellant. Given the lack of evidence or authority in support of Appellant's assertion that the pallet was a dangerous condition, a jury would have to engage in "speculation, conjecture, and guesswork" in order to reach that conclusion. *Nee*, 106 S.W.3d at 654. Following Kroger's properly supported motion for summary judgment, the burden shifted to Appellant to set forth some evidence not merely that a fall onto the pallet was possible but that it "was reasonably foreseeable that the condition could probably cause harm or injury and that a reasonably prudent property owner would not maintain the premises in such a state." *Newcomb*, 2015 WL 3956038, at *4 (emphasis added). However, Appellant has pointed to no evidence other than the isolated incident of her fall on April 12, 2015, to show that a reasonably prudent person would not have maintained the grocery aisle in the same manner or that it was reasonably foreseeable that an injury would more than likely occur.

While "it is conceivable that proof could be developed that would lead to the conclusion that the [pallet] created an unsafe, dangerous, or perilous condition," this particular record contains no such proof. *Cagle*, 2002 WL 31728866, at *3. The simple fact that one person was injured is not proof that the grocery aisle or the pallet's presence in the aisle was dangerous or unsafe. *Id.* Indeed, "[g]raceful athletes often trip on yard lines in football or on the foul line in basketball. People do trip and fall on conditions that are not unsafe." *Id.* Because the existence of a dangerous condition is an essential element of Appellant's premises liability claim, her action must necessarily fail. See *Nee*, 106 S.W.3d at 653. As a final note, we must point out that although Kroger raised Appellant's comparative fault as an issue for review, our conclusion that an essential element of Appellant's claim is lacking pretermits the issue of comparative fault in this matter.

<u>Conclusion</u>

The judgment of the Circuit Court for Shelby County is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant, Robbie Hunter, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

12