# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 22, 2002 Session

## PAUL ALAN NEE v. BIG CREEK PARTNERS, A LIMITED PARTNERSHIP D/B/A BIG CREEK GOLF CLUB

### Direct Appeal from the Circuit Court for Shelby County
### No. 300942 T.D.    George H. Brown, Jr., Judge

_____

### No. W2001-01482-COA-R3-CV - Filed February 19, 2002
_____

This is a premises liability action. Plaintiff alleges he was injured in a fall that took place on Defendant's steps. At trial, Plaintiff introduced pictures of the steps into evidence and testified that he heard a "crackling noise" as his "foot began to slide." After considering Plaintiff's evidence, the trial court granted Defendant's motion for a directed verdict. The trial court determined that Plaintiff failed to introduce evidence that the stairs constituted a defective or dangerous condition. Further, the trial court ruled that the jury would be forced to speculate on the cause of Plaintiff's fall. We affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Art D. Wells, Jackson, Tennessee, for the appellant, Paul Alan Nee.

Joe Lee Wyatt and Archie Sanders, III, Memphis, Tennessee, for the appellee, Big Creek Partners, a Limited Partnership, d/b/a Big Creek Golf Club.

### OPINION

On April 22, 1998, Paul Alan Nee went to Big Creek Golf Club (Big Creek) in Millington, Tennessee to play golf. Mr. Nee began his round with two other gentlemen, but midway through their game, the gentlemen had to leave. Mr. Nee continued his round and beginning on hole number ten, started playing alone. Mr. Nee completed the tenth hole without incident and proceeded to hole number eleven.

At Big Creek, hole number eleven is a par three with an elevated teeing area. Because the teeing area is elevated, one must scale a hill in order to hit their golf shot. Big Creek provided stairs

to assist patrons in reaching the teeing area. The stairs contain six to ten steps and are constructed from railroad cross ties.

When Mr. Nee arrived at the teeing area for the eleventh hole, he was aware that the steps did not lead directly to the spot from which he wished to hit his shot. Mr. Nee chose not to take the steps leading to the teeing area and ascended the side of the hill. After reaching the top of the teeing area, Mr. Nee hit his golf shot. When his tee shot landed, Mr. Nee decided to take the stairs back down the hill. On his way down the stairs, Mr. Nee fell and suffered a broken ankle.

Mr. Nee filed a complaint against Big Creek seeking compensatory damages. In his complaint, Mr. Nee asserted that Big Creek was negligent in its construction, maintenance, and inspection of the stairs. Additionally, Mr. Nee asserted that Big Creek's negligence was the proximate cause of his injuries.

On direct examination, Mr. Nee stated, "I took a third and probably a fourth step. And that's when my foot began to slide under me and I heard the crackling noise." Later in Mr. Nee's testimony, he stated the following: "what I recall mostly is my right foot jutting forward after the wood had given way." On cross examination, Mr. Nee stated that he remembered "hearing the crack and my foot sliding simultaneously." Big Creek also cross examined Mr. Nee about his deposition testimony where Mr. Nee stated as follows: "When I started walking down those steps, it was only a step, two or three steps down when I lost my balance – excuse me, lost balance, when my foot slipped underneath me, when the wood tore apart."

Additionally, Mr. Nee introduced into evidence photographs of the stairs on the eleventh hole. A mechanic at Big Creek, Terry Glenn McCulley, testified that the picture was a fair and accurate representation of the steps as they existed on April 22, 1998, the day of the accident. Further, Mr. McCulley stated that he observed the steps on the day of the accident. Mr. McCulley also testified that he had observed the steps several times prior to April 22, 1998 while employed at Big Creek.

At the conclusion of Mr. Nee's proof, Big Creek moved for a directed verdict. Big Creek argued that Mr. Nee failed to prove that the stairs constituted a dangerous condition. Big Creek maintained that the photograph, standing alone, could not establish a dangerous condition. Further, Big Creek argued that, if a dangerous condition existed, the proof failed to establish that the dangerous condition caused the accident. Big Creek asserted that the jury would be forced to speculate as to the cause of the accident.

In response, Mr. Nee argued that the picture illustrated that the steps were obviously rotted and in a state of disrepair. Mr. Nee maintained that the picture alone was enough to get the case to a jury. Further, Mr. Nee argued that his testimony, in conjunction with the photographs, was enough to overcome a motion for a directed verdict.

The court granted Big Creek's motion for a directed verdict. In its order, the court stated as follows:

[T]here is no evidence in the record to establish that the steps constitute a dangerous condition and further that there are several explanations as to how plaintiff fell and to allow this issue to go to the jury, the jury would be called upon to speculate as to the cause of the fall based on the evidence in the record.

Mr. Nee appeals the trial court's decision. The issue in this appeal, as we perceive it, is whether the trial court erred in granting Big Creek's motion for a directed verdict.

Our review of a trial court's decision to grant a directed verdict is well-settled. It is appropriate for a trial court to grant a directed verdict when the evidence is susceptible to only one conclusion. *Alexander v. Armentrout*, 24 S.W.3d 267, 271 (Tenn. 2000) (citing *Eaton v. Mclain*, 891 S.W.2d 587, 590 (Tenn. 1994); *Long v. Mattingly*, 797 S.W.2d 889, 892 (Tenn. Ct. App. 1990)). If reasonable persons could draw conflicting conclusions, the case should go to the jury. *Spann v. Abraham*, 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999) (citing *Gulf, M. & O.R.R. v. Underwood*, 187 S.W.2d 777, 779 (Tenn. 1945); *Pettus v. Hurst*, 882 S.W.2d 783, 788 (Tenn. Ct. App. 1993)). These conclusions, however, cannot be based on speculation, conjecture, or guesswork. *Id.* (citing *Daniels v. White Consol. Indus. Inc.*, 692 S.W.2d 422, 425 (Tenn. Ct. App. 1985). When deciding whether a trial court should have granted a directed verdict, we must take the strongest legitimate view of the evidence in favor of the opponent of the motion. *Alexander*, 24 S.W.3d at 271. Further, we must allow all reasonable inferences in favor of the opponent of the motion and disregard all evidence contrary to the opponent's position. *Id.*

In a premises liability action, liability stems from the superior knowledge held by the owner or occupier regarding the condition of the premises. *Ogle v. Winn-Dixie, Greenville, Inc.*, 919 S.W.2d 45, 46 (Tenn. Ct. App. 1995). The owner or occupier has a duty to exercise reasonable care to prevent injury to persons lawfully on the premises. *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). The duty of an owner or occupier to exercise reasonable care includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises that the owner or occupier is aware of or should have been aware of through the exercise of reasonable diligence. *Id.* "The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against 'conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.'" *Id.* (quoting W. Page Keeton, *Prosser & Keeton on Torts,* § 61 at 426 (5th ed. 1984)). Further, "mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." *Id.* (quoting Keeton, *supra* at 426-427).

Accordingly, for an owner or occupier to be found negligent, there must be some evidence that there was a dangerous or defective condition on the premises. A jury cannot conclude that an owner or occupier failed to exercise reasonable care to prevent injury to persons on their property

if there is no evidence of a dangerous or defective condition.  If no dangerous or defective condition exists, an owner or occupier cannot be held liable for failing to take action in order to remedy the supposed condition.

In the present case, Mr. Nee contends that material evidence exists that would allow a reasonable person to conclude that the stairs at Big Creek were defective or dangerous.  Mr. Nee relies primarily on photographs that show the stairs as they existed on the day of the accident.  Mr. Nee also relies on testimony at trial where he described the accident.  Mr. Nee asserts that this evidence, taken in the strongest legitimate view in his favor, permits a reasonable inference that the stairs on the eleventh hole at Big Creek were defective or dangerous.

We cannot agree with Mr. Nee's argument.  Mr. Nee failed to introduce evidence that would permit a jury to conclude that the steps were dangerous or in some way defective.  There is no evidence in the record to indicate that a feature of the stairs presented an unreasonable risk of harm to Mr. Nee.  Without some type of dangerous condition, Big Creek cannot be found to have breached a duty.

Mr. Nee cannot rely on the pictures alone to overcome Big Creek's motion for a directed verdict.  At no time during Mr. Nee's case in chief did he submit evidence that something was wrong with the stairs depicted in the photograph.  Mr. Nee simply introduced the pictures as an accurate representation of the stairs as they existed on the day of the accident.  We cannot permit a jury to infer that the steps are dangerous from merely examining the photos.  A finding that the steps were defective or dangerous based on the photographs would require the jury to engage in speculation, conjecture, and guesswork.

Further, Mr. Nee's explanation of the accident in conjunction with the photo fails to permit a reasonable inference that the stairs were defective or dangerous.  Mr. Nee's statement that he heard "crackling," as well as his statement that "the wood had given way," does not provide evidence that anything was wrong with the stairs.  These statements fail to indicate that the wood on the stairs was rotted, deteriorated, or in any other manner dangerous or defective.  Nothing from Mr. Nee's testimony or any other evidence admitted at the trial suggests that the stairs constituted a dangerous or defective condition; therefore, it would be improper to allow a jury to decide whether there was a risk of harm that Big Creek knew or should have known existed regarding the condition of the stairs.

This Court addressed a similar situation in *Carbins v. Westwood Big Star*, No. 02A01-9104-CV-00073, 1991 WL 183670 (Tenn. Ct. App. Sept. 20, 1991) (*no perm. app. filed*).  In that case, the plaintiff was descending a ramp on the defendant's property when the plaintiff slipped and fell.  *Id.* at \*1.  The plaintiff noticed a hole or crack in the concrete after the fall and at trial, blamed her fall on the condition of the ramp.  *Id.*  Further, the plaintiff introduced photos taken after her fall that illustrated the condition of the ramp.  *Id.*  The trial court granted the defendant's motion for a directed verdict, stating that the jury would have to speculate as to the cause of the fall.  *Id.*

Additionally, the court stated that the plaintiff failed to provide evidence of constructive notice. *Id.*

We affirmed the trial court's action based on the plaintiff's lack of material evidence from which the jury could conclude that the dangerous or defective condition existed for such a time that the defendant should have been aware of the condition. *Id.* at *2. We determined that the type of defective condition alleged in the case was not appropriate for the jury's drawing of inferences. *Id.* at *3. We stated that "the possible forces causing pavement to break or crumble are not necessarily common knowledge." *Id.* Additionally, we stated that "[t]he plaintiff offered no evidence, such as expert testimony, as to what would have caused the crack in the pavement or how long the crack had been there." *Id.*

In the case now before us, Mr. Nee does not point out a condition in the stairs that could have contributed to his fall. As we determined in *Carbins*, the possible forces that could have caused the stairs at Big Creek to give way or crack are not common knowledge. It would be inappropriate to permit a jury to draw inferences as to the condition of the stairs from the evidence in the record before us.

Accordingly, we affirm the decision of the trial court. The costs of this appeal are taxed to Mr. Paul Alan Nee, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE