IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 7, 2010 Session

## KATHY GORDON v. BY-LO MARKETS, INC., D/B/A/ BY-LO #10

**Appeal from the Circuit Court for Grainger County**
**No. 8368-111      Rex Henry Ogle, Judge**

---

**No. E2009-02436-COA-R3-CV - FILED OCTOBER 5, 2010**

---

Plaintiff, while delivering pizza to customers in the By-Lo grocery store, slipped and fell. She filed suit against By-Lo, claiming negligence. By-Lo moved for summary judgment and after a hearing on the matter, the trial court entered summary judgment in favor of By-Lo and dismissed the suit. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., joined, and CHARLES D. SUSANO, JR., J., filed separate concurring opinion.

Douglas T. Jenkins, Rogersville, Tennessee, for the appellant, Kathy Gordon.

S. Morris Hadden, Kingsport, Tennessee, for the appellee, By-Lo Markets, Inc.

**OPINION**

**I.  FACTUAL BACKGROUND**

This is a slip and fall case. Kathy Gordon slipped and fell near the entrance of a By-Lo Market ("By-Lo") in Grainger County, Tennessee. At that time, she was an employee at a local pizza delivery store.

On the day of the incident, Ms. Gordon made two separate deliveries to By-Lo. After the first delivery, Ms. Gordon realized that she forgot an item included in the order and she returned to the pizza delivery store. During the interim of the two trips, it began to rain. Upon her arrival at By-Lo for the second time, Ms. Gordon walked to the concrete entrance incline, slipped and fell, and suffered injuries.

Thereafter, Ms. Gordon filed a complaint against By-Lo, alleging negligence. Specifically, Ms. Gordon claimed that By-Lo was negligent in maintaining the premises and in failing to warn of the dangerous condition at the entrance of the store. In response, By-Lo filed an answer and a motion for summary judgment. In its motion for summary judgment, By-Lo argued that a dangerous condition did not exist, or alternatively, that a wet incline is an open and obvious danger where Ms. Gordon was more than 50% at fault. After a hearing, the trial court granted summary judgment in favor of By-Lo. The trial court determined that the accident was Ms. Gordon's fault. Ms. Gordon appeals, challenging the trial court's grant of summary judgment.

## II. ISSUE

The sole issue for review is whether the trial court erred in granting summary judgment in favor of By-Lo.

## III. STANDARD OF REVIEW

Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993).

In *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008), the Tennessee Supreme Court clarified the moving party's burden of proof in a summary judgment motion. A moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Id.* at 5. According to the Court, when a party seeking summary judgment has made a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *Id.; see Byrd*, 847 S.W.2d at 215; *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) to show that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

There is no presumption of correctness for summary judgments on appeal. See *City*

*of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997). This court must view all of the evidence in the light most favorable to the non-movant and resolve all factual inferences in the non-movant's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox County Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). When the undisputed facts, however, support only one conclusion, then the moving party is entitled to judgment as a matter of law and a summary judgment will be upheld. *See White v. Lawrence,* 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Ms. Gordon claims that summary judgment was inappropriate in this case because By-Lo did not affirmatively negate an essential element of her claim. She points out that dark, oily spots appeared near By-Lo's entrance, and the existence of such spots created a dangerous condition, of which By-Lo had a duty to warn.

In premises liability cases, liability is imposed upon property owners due to their superior knowledge of the premises. *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). The theory behind this tort is that "the premises owner has a duty to exercise reasonable care under all circumstances to prevent injury to persons lawfully on the premises." *Dobson v. State*, 23 S.W.3d 324, 330 (Tenn. Ct. App. 1999) (citing *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994)). The key to premises liability is foreseeability. *Dobson*, 23 S.W.3d at 331. For a plaintiff to prevail in a premises liability case, he or she must prove that "the injury was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury." *Id.*

A plaintiff seeking recovery under a premises liability theory must establish the elements of negligence. It is well settled in Tennessee that the elements of a negligence claim include:

> (1) a duty of care owed by the defendant to plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

*Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). In addition to the elements of negligence, a plaintiff must also establish:

> (1) the condition was caused or created by the owner, operator, or his agent,

or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner had actual or constructive notice that the condition existed prior to the accident.

*Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citations omitted).

"Constructive notice" is defined as "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cause upon him the duty of inquiring into it." *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997); *Kirby v. Macon County*, 892 S.W.2d 403, 409 (Tenn. 1994). A plaintiff can establish constructive notice in one of three ways. First, the plaintiff may demonstrate that the owner or operator of the premises caused or created the condition. *See Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989). Second, if a third party caused or created the dangerous condition, the plaintiff may prove constructive notice by evidence that the condition "existed for a length of time" that the owner/occupier "in the exercise of reasonable care, should have become aware of that condition." *Elkins v. Hawkins County*, No. E2004-02184-COA-R3-CV, 2005 WL 1183150, at *4 (Tenn. Ct. App. E.S., May 19, 2005). Third, the plaintiff may show constructive notice by proving that "a pattern of conduct, recurring incident, or general continuing condition" caused the dangerous condition. *Blair*, 130 S.W.3d at 765-66. This is often called the "common occurrence" theory. All three methods of proving constructive notice are related to the defendant's superior knowledge of the premises. *McCormick*, 594 S.W.2d at 387. By showing actual or constructive notice, a plaintiff demonstrates that the owner had a duty to act reasonably under the circumstances and remedy the condition that caused injury to the plaintiff. *Blair*, 130 S.W.3d at 766.

The occurrence of an injury does not always equate to any wrongdoing by the owner. It is imperative to recall that "it is a well-settled rule of this State that the mere fact that an injury has been sustained never raises a presumption of negligence." *Mullins v. Seaboard Coastline Ry. Co.*, 517 S.W.2d 198, 201 (Tenn. Ct. App. 1974). Tennessee courts also recognize that a "customer's full knowledge of a dangerous condition does not necessarily immunize a defendant from premises liability if the danger is either unavoidable or one that given the circumstances the customer is likely to encounter anyway." *Heggs v. Wilson Inn Nashville-Elm-Hill, Inc.*, No. M2003-00919-COA-R3-CV, 2005 WL 2051287, at *4 (Tenn. Ct. App. M.S., Aug. 25, 2005).

In the instant case, the trial court found that there was "no evidence that says exactly what she fell on." The trial court further found and held:

. . . the Court is ruling probably that she was – it was her fault, even if it

-4-

ultimately – so the Court feels like as it relates to the motion for summary judgment, there are no undisputed facts or undisputed material facts, and the Court feels like in this particular situation that the plaintiff had the opportunity to see, if there were defects, and of course, not finding that there were defects, but if there was a problem, the plaintiff had just been in there and came back. . . . For example, a rain that would get on the top of the sidewalk is going to run downhill on these inclines. And unless there was some defect there, or a constructive knowledge or actual knowledge, but even with that, it must be shown that in some way the defendant was negligent. And I don't hear or don't find any facts that a reasonable jury could determine that there was negligence, either actual – based upon actual or constructive notice.

Kay Marshall, Manager at By-Lo, testified in her deposition that By-Lo employees regularly wash the sidewalk once a week. She also testified that By-Lo employees keep the parking lot clean. She stated, "[T]here's never nothing, you know, like oil or anything like that out there. We have oil dry we put on it [parking lot]. We wash it down. You know, we keep the parking lot clean." From Ms. Marshall's testimony, By-Lo negated the existence of a dangerous or defective condition, i.e. an essential element of Ms. Gordon's claim. This triggered Ms. Gordon's burden, as the nonmoving party, to show a genuine issue for trial.

Ms. Gordon points to a photograph of By-Lo's parking lot, her deposition, and affidavit, where she testified that a slick spot near By-Lo's entrance caused her fall. She testified in her affidavit that "dark spots shown in the parking lot of the By-Lo #10 where I fell appear as they did at the time I fell." She further stated that the spots were "wet and glistening." In her deposition, Ms. Gordon also testified that it rained prior to her second delivery to By-Lo and that she used her windshield wiper blades during her second trip to By-Lo. Her testimony coupled with the photograph is not enough to establish a defective or dangerous condition existed. Without more, Ms. Gordon has only established that By-Lo's parking lot had some stains, and she slipped and fell after a rainfall. Ms. Gordon failed to offer any evidence demonstrating that the stains constituted a dangerous condition. As this court has previously stated, "when there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements." *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271, 273 (Tenn. Ct. App. 1987) (citation omitted). Therefore, we find that Ms. Gordon failed to satisfy her burden and show a genuine issue of material fact.

Our finding is consistent with prior holdings. In *Barron v. Stephenson*, this court found that the plaintiff's proof of a wet ramp outside the premises did not effectively prove a dangerous or defective condition on the premises. *See Barron v. Stephenson*, No. W2004-02906-COA-R3-CV, 2006 WL 16310, at *5 (Tenn. Ct. App. W.S., Jan. 4, 2006). In *Barron*,

the plaintiff slipped and fell on a wooden ramp outside of a daycare facility. *Id.* at *1. The plaintiff had frequently visited the facility, used the same ramp, and never experienced any trouble. *Id.* at *4. On the day of the slip and fall, the plaintiff did not use the handrail even though the ramp was slick due to a heavy rainfall on the previous day. *Id.* at *1. Under a premises liability theory, the plaintiff sued the daycare facility and the daycare facility filed for summary judgment. *Id.* at *2. The trial court granted summary judgment and this court affirmed. *Id.* In affirming the trial court's grant of summary judgment, this court observed that the plaintiff failed "to offer any evidence as to what aspect of the ramp, other than it being wet after it rained, constituted a defective or dangerous condition." *Id.* at *5.

Similarly*,* Ms. Gordon often visited By-Lo before the accident. She testified that 45 minutes to an hour elapsed between her first and second delivery to By-Lo. In that time, it began to rain and the area where she fell was wet. Ms. Gordon attempts to establish the existence of a dangerous condition with a photograph of By-Lo's entrance that shows stains on the concrete. However, there is no proof beyond speculation that these indiscernible stains somehow contributed to her accident. In *Nee v. Big Creek Partners*, another slip and fall case, the plaintiff presented evidence of the alleged dangerous condition through photographs of the accident scene. *Nee v. Big Creek Partners*, 106 S.W.3d 650, 653-54 (Tenn. Ct. App. 2002). In *Nee*, this court affirmed the trial court's grant of a directed verdict in favor of the defendant owner and held that aside from the photographs, the plaintiff "failed to introduce evidence that would permit a jury to conclude that the steps were dangerous or in some way defective." *Id.* at 654. This court noted:

> At no time during Mr. Nee's case in chief did he submit evidence that something was wrong with the stairs depicted in the photograph. Mr. Nee simply introduced the pictures as an accurate representation of the stairs as they existed on the day of the accident. We cannot permit a jury to infer that the steps are dangerous from merely examining the photos. A finding that the steps were defective or dangerous based on the photographs would require the jury to engage in speculation, conjecture, and guesswork.

*Id.*

Based on the record before us, it appears Ms. Gordon failed to show any cause for a dangerous condition aside from Mother Nature creating a common occurrence of wet conditions due to rain. Where there is no evidence of a dangerous or defective condition, there is also no proof that By-Lo owed a duty to Ms. Gordon. *See Barron*, 2006 WL 16310, at *5 (affirming trial court's grant of summary judgment because of a lack of evidence proving the existence of a defective condition); *Friendenstab v. Short*, 174 S.W.3d 217, 227-28 (Tenn. Ct. App. 2004) (affirming trial court's grant of summary judgment because of lack

of evidence proving the existence of a defective condition and/or constructive notice). Nevertheless, even if we accept Ms. Gordon's argument regarding the existence of a dangerous condition and overturn the trial court's finding, as the plaintiff, Ms. Gordon must offer some proof concerning By-Lo's constructive notice of the condition. She failed to provide such proof. There is nothing in the record to indicate that By-Lo had constructive notice of the alleged dangerous condition. As a result, we hold that summary judgment in favor of By-Lo was appropriate. The trial court properly granted summary judgment because there is not a genuine issue of fact for a jury to resolve; By-Lo is entitled to a judgment as a matter of law. Accordingly, we affirm.

## V. CONCLUSION

The judgment of the trial court is affirmed. The trial court properly granted summary judgment in favor of By-Lo. Costs on appeal are taxed to appellant, Kathy Gordon. This case is remanded, pursuant to applicable law, for collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE

-7-