NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0217n.06

Case No. 20-6080

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 22, 2021
DEBORAH S. HUNT, Clerk

BILLY TESTER,

    Plaintiff-Appellant,

v.

WALMART, INC.,

    Defendant,

WAL-MART STORES EAST, LP,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE: DAUGHTREY, MOORE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. In this state-law negligence case, we consider whether a parking lot curb with no evidence of a defect or abnormality is a dangerous condition under Tennessee law. Because the weight of authority suggests not, we affirm summary judgment for the defendant.

I.

Since we review the facts in the light most favorable to the plaintiff, we summarize the description of events from plaintiff Billy Tester's deposition.

Billy Tester drove to Walmart to buy gardening supplies. He parked his car near the garden section beside a large, grassy median. The median was elevated and had a grey, concrete curb. Tester could have walked around the median to enter the store. But he chose to walk across it. When he reached the far end of the median, he paused for an approaching vehicle. The driver

stopped and waved Tester along. As Tester stepped forward, he tripped over the curb and fell. He sustained injuries to his hands, knees, and one big toe. (Surveillance footage submitted by Walmart matches Tester's description of the incident.)

Tester sued Walmart for negligence. Tester says the curb was elevated about five inches above the median's grass-covered surface and that "gap" caused his fall. In his deposition, Tester agreed that he "didn't have any problems seeing the curb." R. 22-1, Pg. ID 74. He "just didn't raise [his] foot high enough." *Id.*, Pg. ID 82. Tester admits that curbs like the one he tripped on are "a pretty common feature of a parking lot." *Id.*, Pg. ID 80. Not only has he seen other people walk over them, he's walked over them "a hundred times" himself. *Id.* Still, Tester suggested, Walmart should have backfilled the median so that the grass was level with the curb. But he wasn't sure if that would have prevented his fall: "It may have happened, it may not have." R. 28-1, Pg. ID 216.

At the close of discovery, Walmart moved for summary judgment. It argued that Tester had no evidence that the curb was a dangerous condition. The district court granted Walmart's motion, and Tester appealed.

II.

We review a district court's grant of summary judgment de novo. And we apply Tennessee law to assess the substance of Tester's state-law negligence claim. *See Shuler v. Garrett*, 743 F.3d 170, 173 (6th Cir. 2014).

A defendant is liable for negligence under Tennessee law if it breaches a duty of care owed to the plaintiff, and that breach causes the plaintiff an injury. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (citation omitted). Businesses have a duty to remove or warn against dangerous conditions on their premises. *Parker v. Holiday Hosp. Franchising, Inc.*, 446

S.W.3d 341, 350 (Tenn. 2014). To win a premises-liability case, a plaintiff must prove the existence of a dangerous condition: No dangerous condition means no duty to remove or warn; no duty means no breach; and no breach means no tort. *Nee v. Big Creek Partners*, 106 S.W.3d 650, 654 (Tenn. Ct. App. 2002).

## A.

A condition is dangerous if it poses an unreasonable risk of injury. *Nee*, 106 S.W.3d at 654. An unreasonable risk of injury exists if "it is reasonably foreseeable that the condition could probably cause harm or injury," and "a reasonably prudent property owner would not maintain the premises in such a state." *Stewart v. Seton Corp.*, 2008 WL 426458, at *4 (Tenn. Ct. App. 2008) (citing *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)).

Whether a condition is dangerous is a question of fact. *See Nee*, 106 S.W.3d at 653–54. But the plaintiff must submit evidence that would enable the jury to assess the probable risk of injury and the defendant's burden to eliminate that risk. *See Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). "A jury cannot conclude that an owner or occupier failed to exercise reasonable care to prevent injury to persons on their property if there is no evidence of a dangerous or defective condition." *Nee*, 106 S.W.3d at 653–54. The injury itself is not enough. *Hunter v. Kroger*, 2018 WL 5793562, at *7 (Tenn. Ct. App. 2018) (collecting cases).

## B.

Tester has not carried his evidentiary burden. He does not present any evidence that the median or the surrounding curb is a dangerous condition. Tester says the curb is about five inches tall and easy to see. And he says that shoppers walk across it all the time. He also admits that curbs like this one are common in parking lots in the area and that he has walked over them many times. None of these facts supports a finding that this curb is a dangerous condition.

When a plaintiff trips on a common object like a curb, he must give evidence that there was something unusual or defective about it. Take *Nee* for example. 106 S.W.3d 650. In that case, the plaintiff was injured after falling on a set of stairs. At trial, the plaintiff described the incident and introduced pictures of the stairs. But neither the plaintiff's testimony nor the pictures suggested that the stairs were unusual or defective. So the trial court entered a directed verdict for the defendant. The Tennessee Court of Appeals affirmed. Without some evidence of a defect or abnormality, the court held, "[a] finding that the steps were defective or dangerous . . . would require the jury to engage in speculation, conjecture, and guesswork." *Id.* at 654.

Tester does not cite a single piece of record evidence to show the existence of a defect or abnormality in Walmart's curb. Instead, he cites various cases for the proposition that the existence of a dangerous condition is a question for the jury. But the cases Tester cites differ in an important respect: They all involved some evidence of a defect or abnormality. In *Dunn v. Wal-Mart-Stores East*, for example, the plaintiff testified that the walkway she tripped on was cracked, and the defendant submitted pictures of a crack near the plaintiff's fall. 724 Fed. App'x, 369, 370–71, 374 (6th. Cir. 2018). Similarly, in *Piana v. Old Town of Jackson*, the plaintiff's estate submitted pictures of a grass-covered chunk of concrete embedded in a walking path that the plaintiff tripped on and suffered fatal injuries. 316 S.W.3d 622, 625, 630 (Tenn. Ct. App. 2009). In allowing the case to reach a jury, the *Piana* court distinguished *Nee. Id.* at 630. Unlike a picture of a seemingly normal set of stairs, the picture of the concrete itself constituted evidence of a dangerous condition because walking paths aren't designed to contain obstacles.

A common curb is more like a set of stairs than a chunk of concrete embedded in a walking path. So Tester's description of the curb (and Walmart's video footage) alone does not satisfy his burden to give evidence of a dangerous condition. He needs something more.

Indeed, the Tennessee courts have required evidence of dangerousness in far closer cases. In *Newcomb v. State*, for example, the plaintiff fell on a set of stairs where "the handrail was too low for her to reach because it started one step down from the top step." 2015 WL 3956038, at *1, *4 (Tenn. Ct. App. 2015). But that description was not enough to sustain her case. In affirming the dismissal of the plaintiff's claim, the court noted that she offered "no evidence that the steps and handrail were broken or structurally unsound," no evidence of debris on the stairs, and no evidence that the design of the structure was "unreasonable or even unusual" in common construction. *Id.* at *4. And "despite the fact that the steps were frequently used, there were no prior incidents involving them." *Id.*

Tester commits the same error as the plaintiffs in *Newcomb* and *Nee*. Nothing in the record distinguishes this curb from the thousand others across the country. And since ordinary curbs are not dangerous per se, Tester needed to offer something to show why his curb was different. He did not meet his burden.

We affirm.